UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 14-cr-20075

ARMANDO ESCOBAR-ARREOLA,

    Defendant.
                                                 /

**OPINION AND ORDER DENYING
MOTION TO DISMISS THE INDICTMENT**

Pending before the court is a Motion to Dismiss the Indictment (Dkt. # 23), filed on October 21, 2014 by Defendant Armando Escobar-Arreola ("Escobar"). Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated on the record, the court will deny Escobar's motion.

**I. BACKGROUND**

On February 17, 1998, Escobar, a lawful permanent resident, was convicted in California Superior Court of violating California Health and Safety Code § 11352(A) (the "underlying offense"). According to Defendant, on January 29, 2001, the Department of Homeland Security ("DHS")[1] commenced removal proceedings. On February 8, 2001, the Immigration Judge ("IJ") informed Escobar that he had been convicted of an

---

[1] DHS was not formed until November 25, 2002 and did not absorb the Immigration and Naturalization Service ("INS") until March 1, 2003. The court assumes that the removal proceedings were instituted by INS.

aggravated felony and was therefore not eligible for any relief from removal. The next day, Escobar was removed from the United States.

On February 18, 2014, a grand jury indicted Escobar for unlawful reentry after removal in violation of 8 U.S.C. § 1326(a). Escobar now moves to dismiss the indictment, arguing that his underlying offense was not an aggravated felony, thus rendering his removal unlawful.[2]

## II. DISCUSSION

"[A]n alien may not challenge the validity of" an underlying removal unless he meets three statutory conditions. 8 U.S.C. § 1326(d). The alien must demonstrate that (1) he "exhausted any administrative remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *Id.*

Escobar failed to exhaust his administrative remedies. In the 2001 hearing, the Immigration Judge ("IJ") informed Escobar that he "may appeal [the removal decision] to a higher court, or [he] may accept [the] decision." (Dkt. # 24-1, Pg. ID 114.) When asked whether he chose to accept the decision or appeal it, Escobar replied, "I accept it." (*Id.*) The removal proceeding did not deprive Escobar of the opportunity for judicial

---

[2]Escobar originally filed this motion on May 27, 2014. (Dkt. # 13.) He also filed a petition seeking review of a February 7, 2014 Immigration and Customs Enforcement ("ICE") order reinstating his 2001 removal order in the Sixth Circuit (*Escobar v. Holder*, No. 14-3184.) This court then denied Escobar's motion without prejudice pending that appeal. (Dkt. # 18.) Howerver, the Sixth Circuit subsequently granted the Attorney General's motion to hold the case in abeyance pending the resolution of this proceeding. Escobar then refiled his motion in this court.

review and was not fundamentally unfair. The hearing was conducted with a Spanish language interpreter. (*Id.* at 108.) Escobar was advised of his right to counsel and declined the IJ's offer of additional time to obtain a lawyer. (*Id.* at 109.)

Escobar argues that the underlying offense does not constitute an aggravated felony. However, at the time of the removal proceeding, Ninth Circuit precedent established that a § 11352(a) violation qualified as an aggravated felony. *United States v. Lomas*, 30 F.3d 1191 (9th Cir. 1994), *overruled by United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001) (en banc). Because the prevailing law at the time of his hearing unambiguously mandated the removal, *Rivera-Sanchez* does not render the hearing fundamentally unfair.

### III. CONCLUSION

In order to obtain relief here, Escobar must be able to meet all three of the § 1326(d) preconditions to collateral attach. He can meet none. Accordingly,

IT IS ORDERED that Defendant Escobar's Motion to Dismiss the Indictment (Dkt. # 23) is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 4, 2014, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522